Edgar BAGAROZY; "Reality Inc.", (Unincorporated); Individually and as Prochein Ami, [sic] In Interest for First Amendment Rights of, D.M. (14), M.O. (14), L.R. (14), A.J. (11), and for All Pubertal Aged Youth; Mrs. N.J., Individually and for M.J. (Son); M.J. (13) Individually; Mrs. J.S., Individually and for T.S. (Son); T.S. (13) Individually; R.M. (16), Individually; R.R., Plaintiffs,

v.

Robert MAGINNIS, P.O.; John Doe, P.O. on Arrest; Capt. Digregorio, Commander 49th Prec.; Benjamin Ward, Police Comm.; Edward I. Koch, Mayor; Mary Ann Jennings, Ada Bronx; Mitch Garber, Ada Bronx; Charles Siegel, Ada Bronx; Mario Merola, Dist. Atty. Bronx; Bronx County; Ms. K. Small, Soc. Work.; James Lockley, Supv. Soc. Work.; Edna Davis, Dir. Soc. Serv. N.Y.C.; George Gross, Comm. Soc. Serv. N.Y.C.; Ceasar Perales, State Comm. Soc. Serv.; Mario Cuomo, Governor, N.Y.; Robert Abrams, Atty. Gen. N.Y.; Gordon M. Ambach, Comm. Education N.Y., Defendants.

No. 85 Civ. 2312 (GLG).

United States District Court, S.D. New York.

Oct. 1, 1985.

---

Edgar Bagarozy, pro se.

Ed Federowicz, Reality Inc., Rahway, N.J., pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City (Jean L'Allier, Asst. Corp. Counsel, New York City), of counsel, for Municipal defendants.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City (Evelyn Tenenbaum, Randolph Volkell, New York City, of counsel), for defendant State of N.Y.

## OPINION

GOETTEL, District Judge.

The defendants in this action, various state and municipal officials and employees, have moved to dismiss the action. The action itself is unique and a bit difficult to describe.

The lead plaintiff, Edgar Bagarozy, describes himself as "an activist for the full legal recognition of the constitutional rights of same gender oriented persons [1] and specifically for the recognition of the rights of self-aware pubertal aged same gender dispositioned youth." It seems that Mr. Bagarozy has been arrested and indicted for second degree sodomy involving young boys in the New York State Courts in Bronx County. (He has previously been convicted of such an offense.) He is joined in this action by an organization, "Reality

---

1. Mr. Bagarozy apparently prefers the phrase "same gender oriented" (sometimes abbreviated "sgo") to the traditional word homosexual. While the phrase is undoubtedly more accurate than the currently popular word "gay," it has no advantages over the older expression homosexual which will be employed throughout this opinion.

Inc.,"[2] and by a number of male juveniles and several of their mothers.[3] He also attempts to appear as the representative of "all pubertal aged youth".

The complaint seeks to restrain his criminal prosecution in the New York state courts. Specifically, the complaint maintains that the state criminal laws (as well as related domestic relation laws) are "both unconstitutional and being used in bad faith, malicious, invidious animus manner by members of their heterosexual/Judeo-Christian class...." Complaint at 20. It also seeks to enjoin the various defendants from harassing the plaintiff in obtaining evidence involving Bagarozy's alleged criminal sexual acts with the children.

In addition, it is alleged that the various defendants are involved

> with a conspiracy with other members of [their] heterosexual/Judeo-Christian class, to prevent and deprive all youth of the State of a full and complete education on the positives of same gender orientation and of the benefits to the individual and society, so as to promote their religious and class status view while using the power and authority of the State to discriminate against a legal class of citizen.

Complaint at 29. It is contended that this conspiracy is intended to persecute young pubertal aged males "by the employment of unlawful criminal statutes, to deprive them from choosing and developing into well developed same gender oriented citizens." Complaint at 24. The complaint maintains that homosexuality "is a natural behavior found throughout the animal kingdom in virtually every species, and practiced in two thirds of the known cultures of the world, these being those untouched by the evils of the Judeo-Christian religions." *Id.* Mr. Bagarozy (appearing

*pro se*) states that "the delusional god of the Judeo-Christians ... has since permeated and controlled the populace through laws designed on that religions [sic] tenets." Plaintiffs' Brief in Support of Motions for TRO and Protective Order at 4. He argues that the Constitution prohibits this,[4] and that it was the purpose of the Constitution to free us of Judeo-Christian concepts.

> Defendants and their heterosexual Judeo-Christian class have continually maladministrated the law and deprived sgo youth of equal protections of the laws and have driven them to develop an immoral, promiscuous lifestyle by depriving them of viable, legal avenues of expression when nature dictates that expression is warranted. This with a religious founded bias.

Plaintiff's Brief in Response to Municipal Defendants' Motion to Dismiss at 36.

■ The plaintiffs' papers trace the Christian development of beliefs on homosexuality and contend that those beliefs have the "single purpose of controlling mankind and turning them into automaton breeding factories to generate further power and wealth for those in control of the religions" and that this "imposes unjustified torment on youth that results in negatives to society as a whole." Plaintiffs' Brief in Support of Motions for TRO and Protective Order at 7. One of these negatives is purportedly the placing of "the state in a position of coercing a youth into marriage or to impregnating a young female, thereby destroying both their lives." *Id.* at 17. Since it is contended that laws forbidding homosexual behavior further a private religious purpose, their application is said to deny the plaintiffs equal protection of the laws.[5]

---

**2.** Despite its name, Reality, Inc. is not a corporation.

**3.** No mention is made of the boys' fathers.

**4.** He suggests that a number of the framers were themselves homosexuals.

**5.** The defendants' challenge the plaintiffs' standing to attack the constitutionality of the statute

under which Mr. Bagarozy is being prosecuted. In order to have standing to maintain an action seeking declaratory and injunctive relief from the enforcement of state statutes, a plaintiff must assert (1) that he has suffered or is threatened with a "distinct and palpable injury," *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), (2) that the injury is "fairly traceable" to the actions of the defend-

Bagarozy represents himself as a crusader against these societal wrongs. He states,

I present myself to youth as a same gender oriented role model of high personal self-esteem for those that may have a self-recognized natural same gender oriented disposition.

I am a member of "Reality Inc.", an unincorporated organization of responsible, empathetic same gender oriented persons and others, who, because of being persecuted without legal recourse as youths themselves, are dedicated to promoting educational campaigns with the media to raise consciousness of the fact that many same gender oriented youth take this recognition before and with the on set of puberty and that many are driven to suicide, and drug and alcohol abuse, because of persecution, and to bring legal actions in the courts to create responsible statutes that provide a valid and legal avenue of emotional/sexual expression for self-recognized same gender oriented youth at the time of the onset of puberty.

At my home, youth seek me out to assist them with schoolwork and are permitted to frequent my home, as long as they have their parent's permission to do so. They enjoy watching VCR movies (popular hits such as James Bond, &c.) and playing video games, and generally socializing. Occasionally I treat a group of youths to a recreation trip, as a positive reinforcement for them not being involved in delinquent behavior.

Affidavit in Support of Motion for TRO at 3–4.

With respect to the criminal prosecution, it is contended:

The facts before the Court evince that plaintiff Bagarozy and all the other named plaintiffs are currently the "VICTIMS" of a criminal conspiracy instituted by the Bronx District Attorney's Office, and police and others named in the Complaint.

This action seeks to redress the wrongs committed against innocent persons by a conspiracy of homophobic heterosexual Judeo-Christian individuals to persecute a legal class of citizens who do not conform to the mandates of the private parties religious tenents trough [sic] the use of the secular authority of the State to enforce their religious beliefs upon all citizens.

Plaintiffs' Brief in Response to Municipal Defendants' Motion to Dismiss at 4.

We note that Bagarozy has presented himself as a role model for young homosexuals. (How he was selected for this position is perhaps irrelevant.) We are puzzled as to how he determines that these children, who are at most going through puberty, are potential homosexuals in need of such a role model. However, it is unnecessary to consider the ramifications of Mr. Bagarozy's activities as he construes them since that is simply not the substance of the criminal prosecution which he seeks to enjoin.

The state and municipal defendants have responded to the plaintiffs' unique and broad allegations with motions addressed to a variety of technical and legal defenses. It is pointed out, for example, that certain of the defendants are not alleged to have had any personal involvement in the contested prosecution (rather, they have supervisory responsibility). The defendants also argue that, to some extent, the Eleventh Amendment immunizes them from liability. They also argue that the principle of good faith immunity protects certain of the defendants from liability and that any claim for malicious prosecution is premature since the criminal prosecution has not been

ants which are alleged to be illegal, *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 261, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977), and (3) that "the exercise of the Court's remedial powers would redress the claimed injuries," *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 74, 98 S.Ct. 2620, 2631, 57 L.Ed.2d 595 (1978). The claim of plaintiff Bagarozy, himself the subject of a criminal prosecution, cannot be attacked on these grounds.

resolved. Finally, they assert that the pleadings in some respects lack specificity.

Undoubtedly all of these defenses have some merit, but their only effect is to dismiss portions of the complaint or certain of the defendants. The only argument asserted which, if accepted, would result in the dismissal of the entire complaint is the contention that the Court should apply the *Younger* abstention doctrine and abstain from hearing this case to avoid interfering with state criminal proceedings.

■ This well-established doctrine permits state courts to try criminal cases free from federal interference. The doctrine rests on notions of comity. As the Supreme Court wrote in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971),

> This doctrine ... prevent[s] erosion of the role of the jury and avoid[s] a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted. This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of "comity," that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Id.* at 44, 91 S.Ct. at 750.

■ There are, however, extraordinary circumstances in which this doctrine is not applied. Thus, when the danger of irreparable injury is both great and immediate and cannot be eliminated by the defendant in his own criminal prosecution, the federal courts will not abstain. *Id.* at 45, 91 S.Ct. at 751. Also excepted are cases of proven harassment or prosecutions

undertaken by state officials in bad faith without hope of obtaining a valid conviction. *Perez v. Ledesma,* 401 U.S. 82, 85, 91 S.Ct. 674, 677, 27 L.Ed. 701 (1971).

In support of their claim that Bagarozy and the other plaintiffs fit within these exceptions, the plaintiffs argue that scientists have established that sexual abuse of children "is [the] province of heterosexual conditioned individuals, and that the majority of this abuse is effected by immediate family members." Plaintiffs' Brief in Support of Motions for TRO and Protective Order at 15. The plaintiffs contend further that the federal courts and the New York state courts have determined that there is a constitutional right to homosexual behavior. They cite *New York v. Uplinger,* 467 U.S. 246, 104 S.Ct. 2332, 81 L.Ed.2d 201 (1984); *People of New York v. Onofre,* 51 N.Y.2d 476, 415 N.E.2d 936, 434 N.Y.S.2d 947 (1980), *cert. denied,* 451 U.S. 987, 101 S.Ct. 2323, 68 L.Ed.2d 845 (1981), for this proposition.

■ We agree that if the allegations of the complaint are established (and for purposes of a motion to dismiss they must be accepted), the plaintiffs could fall into one of the *Younger* exceptions. We do not believe that either federal or state cases have defined a constitutional right to homosexual activities.[6] *See Baker v. Wade,* 769 F.2d 289 (5th Cir.1985) (holding that Texas statute forbidding homosexuals from engaging in intimate sexual activities with each other did not violate the Constitution). We do not, however, find it necessary to explore these issues within the limited framework of this case. Even if this Court were to recognize a constitutional right to engage in homosexual behavior, Mr. Bagarozy could not state a constitutional claim.

■ Mr. Bagarozy has been indicted for having sexual relations with young children. The children are of the same sex as Mr. Bagarozy, but that is a secondary aspect of the charge. Sexual relations between adults and children even within a

---

**6.** The *Uplinger* case merely dismissed as improvidently granted a petition for *certiorari.* The *Onofre* case holds that certain statutes directed at homosexual activities can impair the constitu-tional right of free speech. To hold a statute's constitutional reach overbroad does not connote a constitutional right to perform the activities against which the statute was perhaps directed.

heterosexual mode are illegal. N.Y. Penal Law §§ 130.25(2), 130.30, 130.35(3), 130.55, 130.65(3) (McKinney 1975). "It is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling'." *New York v. Ferber,* 458 U.S. 747, 756–57, 102 S.Ct. 3348, 3354–55, 73 L.Ed.2d 1113 (1982) (quoting *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248 (1982). Criminal statutes prohibiting adult-child sexual relations serve that interest. Therefore, if the plaintiff is found to have indulged in sexual acts with the minors, his constitutional claims would be devoid of merit.[7] Even an acquittal would not establish a civil rights violation unless he can demonstrate that the prosecution was instituted in bad faith, without hope of obtaining a conviction, for the purpose of harassing the plaintiffs. Until his criminal case has been tried, a verdict rendered and any possible appeal resolved, there is no basis for entertaining this complaint. The motions to dismiss are therefore granted. The clerk will enter judgment for the defendants.

SO ORDERED.

---

**7.** The same is true concerning the claimed harassment of victims and witnesses. These are matter properly considered within the framework of the state criminal prosecution. There is no reason for this Court to intervene in those processes when the state remedies have not been exhausted or, so far as we are aware, employed.